*475 OPINION.
Trammell:
The question to be determined in this appeal is whether the Canyon Co. controlled through closely affiliated interests or by a nominee or nominees a sufficient amount of the stock of the Dean Co. which it did not own to entitle the two corporations to file a consolidated return from and after the date of the agreement with reference to the deposit in escrow of the stock of the Johnson-Dean Co. by the Johnson Co. The agreement was not in writing and the date thereof has not been shown more definitely than that it was some time during the month of August, 1917. The taxpayer contended that it controlled, within the meaning of the statute, the stock owned by the Johnson Co., which amounted to 50 per cent of the stock issued and outstanding, and that such such control coupled with the direct ownership by taxpayer of the other 50 per cent of the stock amounted to an ownership and control of all the stock of the Dean Co. It was contended that the control referred to in the statute meant an actual control of stock whether it was exercised through means which were legally enforceable or otherwise.
The Commissioner contended that the expression “controlled through closely affiliated interests ” mentioned in the statute meant a control which was exercised through legally enforceable means or a legal control as distinguished from an actual control of stock. The control, however, referred to in the statute, whether it be legal or otherwise, means control of the voting rights of stock.
*476 The only statutory provision for filing consolidated returns for 1917 is contained in section 1331 of the Revenue Act of 1921 which was declaratory of the provisions of Title II of the Revenue Act of 1917, the pertinent portion of which is as follows:
For the purpose of this section a corporation or partnership was affiliated with one or more corporations or partnerships (1) when such corporation or partnership owned directly or controlled through closely affiliated interests or by a nominee or nominees all or substantially all the stock of the other or others.
The recommendation of the Committee on Appeals and Review, which commingles contentions, conclusions and opinions of the taxpayer and argument with the facts, contains the following statement:
It is further stated that “ while this stock was thus on deposit or in escrow ” with the aforesaid bank and prior to the time it was formally taken over by Co. 1 (the Canyon Company) in May, 1920, it was not voted by Co. 3 (the Johnson Company) or by any one in its behalf.
The recommendation of the Committee also contains the following:
It is contended that because of the agreements and other facts above stated Co. 1 (Canyon Company) acquired control of such stock not later than the summer of 1917; that knowing this fact no objection was made by any interested party to the assumption by this company (Canyon Company) in 1917 of complete control over such stock and the affairs of Co. 2 (Dean Company).
The above statement is, as it purports to be, only a contention and is not stated as a fact. It is not stated as a fact that the Canyon Company had or exercised any control over the stock of the Dean Company owned by the Johnson Company and no facts have been shown which would warrant the conclusion that it did so during the period involved in this appeal. The quotation from an affidavit by the treasurer of the Canyon Company contained in the recommendation of the Committee on Appeals and Review, which is incorporated in the agreed statement of facts, that it would have been regarded by the parties as inconsistent with the agreement for the Johnson Company to have voted such stock, was merely his conclusion from the agreements or his own opinion as to the effect thereof and can not be accepted as a fact in this appeal. On the other hand, the statement appears to be contrary to the statement of fact that the stock was not voted from the time it was deposited in escrow. There appears nothing in the agreement which would warrant the conclusion that it would have been inconsistent with the agreement of the parties for the Johnson Company to have voted the Dean stock prior to the date it was deposited in escrow. No facts have been produced to show that the Canyon Company exercised, through closely affiliated interests or otherwise, any influence of any kind or restrained the Johnson Company in any way in the voting of the Dean Company stock during 1917. The only positive fact shown with respect to the voting of such stock is that the Johnson Company did not vote it from the time that it was on deposit or in escrow. It is also in evidence that it was not put on deposit or in escrow until September, 1918.
For the foregoing reasons, it is the opinion of the Board that the Canyon Company and the Dean Company were not affiliated during 1917 within the meaning of the statute and should not, therefore, be required or permitted to file a consolidated return.